IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Case No. 2:25-cv-03776

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

THE BROOKLYN FOOD GROUP, INC.,

    Defendant.

## JOINT PROPOSED SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f), plaintiff Rockefeller Photos, LLC ("Plaintiff") and defendant The Brooklyn Food Group, Inc. ("Defendant") jointly submit this joint proposed scheduling order.

**Discovery Plan**

(A)    Rule 26(a) Disclosures: The Parties do not propose any changes in the form of requirements of mandatory disclosures under Fed. R. Civ. P. 26(a). The Parties agree that they will exchange the materials and initial disclosures on **December 12, 2025**.

(B)    Subjects of Discovery and Phases: At this time, the parties do not request any variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure. The Parties propose that they conduct general discovery, without the need for discovery to be limited in phases. The parties would anticipate the need to each serve interrogatories, requests for production, subpoenas, and requests for admission, and to take deposition discovery in accordance with the Federal Rules of Civil Procedure, covering issues raised in the pleadings and otherwise disclosed through discovery.

(C)    Electronic Discovery Issues: The parties agree that all relevant Electronically Stored Information ("ESI") will be preserved until the resolution of this matter. This includes, but is not limited to, information owned and/or controlled by the parties that is contained in electronic documents, cellular phones, emails, text messages, cryptocurrency wallets, social media, and computer and software programs. The parties further agree that when discovery requests are made, they will undertake good faith efforts to comply with the terms of the requests. For structured ESI, like database data, the parties agree make reasonable efforts to procure and produce ESI in native formats. For unstructured ESI, like emails and word processing, the parties agree to make reasonable efforts to produce discovery in a searchable PDF format and/or native format.

(D)    Claims of Privilege or Protecting Trial Preparation Materials: In connection with the procedures provided by Fed. R. Civ. P. 26(b)(5), the Parties agree that any inadvertent

production of privileged or trial-preparation materials shall not be considered a waiver of any privilege or protection applicable to such materials so long as the party identifies the documents mistakenly produced and requests their return.

(E) <u>Changes in Discovery Limitations</u>: The Parties do not believe at this time that any changes should be made to the limitations on discovery imposed under these rules or by local rule or that other limitations should be imposed. However, the Parties reserve the right to request changes to limitations or additional limitations should the need arise during the course of discovery.

(F) <u>Other Orders Under Rules 26(c) or 16(b)</u>: The Parties request the entry of a Stipulated Protective Order in the form attached hereto as Exhibit A.

## Conference Report

*Proposed Deadlines & Court Appearances*

The Parties request the following schedule which accommodates Defendant's counsel's trial schedule in February 2026.

(i). <u>Exchange of Rule 26(a)(1) disclosures</u>: **December 12, 2025**

(ii). <u>Service of first interrogatories and document demands</u>: **January 9, 2026**

(iii). <u>Responses to first interrogatories and document demands</u>: **60 days from service of requests**

(iv). <u>Motions to join new parties or amend the pleadings</u>: **April 30, 2026**

(v). <u>Status conference in courtroom 820</u>: **TBD by Court**

(vi). <u>Completion of Fact Depositions</u>: **June 30, 2026**

(vii). <u>Completion of Fact Discovery</u>: **July 14, 2026**

(viii). <u>Identification of case-in-chief experts and service of expert reports</u>: **August 14, 2026**

(ix). <u>Identification of rebuttal experts and service of Rule 26 disclosures</u>: **September 14, 2026**

(x). <u>Completion of All Discovery</u>: **October 14, 2026**

(xi). <u>Commencement of summary judgment motion practice</u>: **November 13, 2026**

(xii). <u>Pretrial conference in courtroom 820</u>: **TBD by Court**

*Any Issues About:*

    (i) <u>Disclosure, discovery, or preservation of electronically stored information, including the form or forms in it should be produced</u>: The Parties will agree on reasonable procedures for discovery of electronically stored information.

    (ii) <u>Claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502</u>: The Parties agree that the "claw-back" of inadvertently produced privileged or trial preparation materials shall be governed by the applicable provisions of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, and that such inadvertent production and "claw back" shall not constitute any waiver of such privileges.

Respectfully submitted on November 19, 2025.

| | |
|---|---|
| COPYCAT LEGAL PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>christine@copycatlegal.com<br>dan@copycatlegal.com<br><br>*Attorneys for Plaintiff*<br><br>By: /s/ Christine Zaffarano<br>    Christine Zaffarano, Esq. | LAW OFFICES OF JENNIFER L. FRIEDMAN, PLLC<br>5406 Broadway, #518<br>Lancaster, New York 14086<br>Tel: (716) 601-9045<br>jenfriedman@jfriedmanlaw.com<br><br>*Attorneys for Defendants*<br><br>By: /s/ Jennifer L. Friedman<br>    Jennifer L. Friedman, Esq. |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Christine Zaffarano

Christine Zaffarano, Esq.

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Case No. 2:25-cv-03776

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

THE BROOKLYN FOOD GROUP, INC.,

    Defendant.

_____

# **[PROPOSED] PROTECTIVE ORDER**

THIS MATTER is before the Court upon the Parties' filing of their Joint Proposed Scheduling Order.  The parties have submitted a Stipulated Protective Order as Exhibit A to their Joint Proposed Scheduling Order. A copy of the Stipulated Protective Order is attached hereto as **Exhibit "1."** The Court has reviewed the Stipulated Protective Order.  For good cause shown, it is **ORDERED and ADJUDGED** that the Stipulated Protective Order is hereby entered as an Order of the Court.

**DONE AND ORDERED** in Central Islip, New York, this ____ day of November 2025.

                                                                                           _____
                                                                                            Steven I. Locke
                                                                                            Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Case No. 2:25-cv-03776

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

THE BROOKLYN FOOD GROUP, INC.,

    Defendant.

## **STIPULATED PROTECTIVE ORDER**

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.    All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Confidential – Attorneys' Eyes Only" shall be used only in this proceeding and as described in this Protective Order.

2.    Use of any information or documents labeled "Confidential" or "Confidential – Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall not be disclosed or used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or

documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was not lawfully obtained through means and sources outside of this litigation.

Any party, including third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential if the disclosure of same would cause economic harm or competitive disadvantage. Any party, including third parties subpoenaed by one of the parties, may only designate materials as "Confidential – Attorneys' Eyes Only" if (a) the information is not shared outside of the designating party or its affiliates; (b) the information is technical or financial in nature; and (c) the disclosure of which to the opposing party or other competitor would cause economic harm or significant competitive disadvantage. The designating party shall designate each page of the document with a stamp identifying it as "Confidential," or "Confidential – Attorneys' Eyes Only" if practical to do so. Any written discovery response containing confidential information shall be marked with the legend, "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY", as appropriate, and shall be bound separately from responses not containing confidential information.

3. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

If the non-disclosing party wishes to file the disclosing party's "Confidential" or "Confidential – Attorneys' Eyes Only" documents or information or include same in whole or in part in pleadings, motions, briefs, etc., filed in this case, the non-designating party agrees to seek to file same under seal.

Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure. Nothing in this Order shall prevent any party from using any material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" at trial, except as designated in the consolidated Pretrial Order.

4. In the event that testimony given in a deposition, or in other pretrial or trial proceedings, calls for the disclosure of confidential information, counsel for the party claiming confidentiality may designate the testimony as confidential by: (1) declaring the same on the record before the close of the deposition, hearing, or other proceeding, and specify the level of protection being asserted, or (2) in the case of a deposition transcript, designating specific pages as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and serving such designations within thirty (30) days of receipt of the deposition transcript in which the designations are made. The entirety of all deposition transcripts shall be treated as "Confidential" for the thirty (30) day period following receipt of the transcript. After the thirty (30) day period, only those portions of the testimony that are appropriately designated for protection within the thirty (30) day period shall be covered by the provisions of this Stipulated Protective Order.

5. Transcript pages and exhibits to depositions that contain Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony. For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions and specify the level of protection being asserted.

6. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    c. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

d. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

e. The authors and the original recipients of the documents.

f. Any court reporter or videographer reporting a deposition.

g. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

7. Use of any information, documents, or materials marked "Confidential – Attorneys' Eyes only" shall be restricted solely to the persons listed in Section 6(a) and 6(c) through 6(g). Any person who receives materials so marked shall not make any copies, duplicates, extracts, summaries, or descriptions of such material or any portion thereof except as may be reasonably necessary for the conduct of this lawsuit.

8. Prior to being shown any documents produced by another party marked "Confidential," or for persons listed in Section 6(d), "Confidential – Attorneys' Eyes Only", any person listed under paragraph 6(c) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

9. Whenever information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in Section 6, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

10. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may follow the appropriate procedure before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Confidential – Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Confidential – Attorneys' Eyes Only". Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12. Designation by either party of information or documents as "Confidential" or "Confidential – Attorneys' Eyes Only" or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets.

13. This Stipulated Protective Order shall not apply to any documents, testimony, thing or other information (whether designated "Confidential" or otherwise) which (i) is already properly in an opposing party's possession; (ii) becomes generally available to the public other than as a result of disclosure in violation of this Stipulation; or (iii) becomes properly available to an opposing party other than through formal discovery in this action. Nothing in this Stipulated Protective Order shall restrict the use or disclosure by a party of information that it alone has designated "Confidential."

This Stipulation has no effect upon, and its scope shall not extend to, any producing party's use of its own "Confidential Information."

14. Upon the request of the producing party or third party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" or "Confidential – Attorneys' Eyes Only" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16. The entry of this Stipulated Protective Order shall be without prejudice to the rights of either party to apply for additional or different protection where it is deemed

necessary, or to seek to compel the production or disclosure of additional or different information, or the rights of the parties to agree between themselves, subject to the Court's approval, if necessary, as to any specific additional or different protection or provisions for treatment of any specific information, documents, testimony or things.

The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

| | |
|---|---|
| COPYCAT LEGAL PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>christine@copycatlegal.com<br>dan@copycatlegal.com<br><br>*Attorneys for Plaintiff*<br><br>By: /s/ Christine Zaffarano<br>     Christine Zaffarano, Esq. | LAW OFFICES OF JENNIFER L. FRIEDMAN, PLLC<br>5406 Broadway, #518<br>Lancaster, New York 14086<br>Tel: (716) 601-9045<br>jenfriedman@jfriedmanlaw.com<br><br>*Attorneys for Defendants*<br><br>By: /s/ Jennifer L. Friedman<br>     Jennifer L. Friedman, Esq. |